```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 14-80019-CIV-MARRA
                              MAGISTRATE JUDGE P.A. WHITE
```

NEAL JACOBSON,                      :

    Plaintiff,                  :

v.                                  :         REPORT OF
                                                              MAGISTRATE JUDGE
CVS CAREMARK CORPORATION
et al.,                             :

    Defendants.                 :
_____

## I. Introduction

The pro-se plaintiff, Neal Jacobson, filed a civil rights complaint pursuant to 42 U.S.C. §1983.(De#1) He seeks monetary and injunctive relief, and is proceeding in forma pauperis. [DE# 5].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

>if the court determines that -
>
>\* \* \*
>
>(B) the action or appeal -
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state

a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

B.  Factual Allegations

This complaint is one of four complaints filed by the plaintiff concerning the same action. The plaintiff alleges that on January 2, 2010 he was examined by two staff members under the supervision of Dr. Frances Rodriguez at the Wellington Medstat, also known as the Urgent Care Center. He claims the doctors concluded he was suffering from depression and transient peripheral vertigo and prescribed Zoloft. On January 4, 2010, he was summoned back to the ER and was given a prescription of Xanax in conjunction with the Zoloft.

On January 23, 2010, Jacobson shot his wife of 19 ½ years and his twin sons. He was on his way to kill his mother and himself when he was found on the side of the road.

The plaintiff claims that the slaughter of his family was a result of the prescribed drugs. He claims that Xanax and Zoloft are contraindicated together and that his thyroid condition was mis-diagnosed. He is seeking $25 million dollars in damages.

C. Analysis

This complaint fails to state a claim. The plaintiff is alleging that CVS Pharmacy should be held responsible for providing him with the prescribed drugs. It appears the plaintiff was not incarcerated when he visited the ER doctors, when he received his prescriptions and when he voluntarily chose the CVS Pharmacy to fulfill his prescribed prescription. CVS is a private firm and does not act under color of state law, and cannot be sued in a §1983

case. This is also true for the Defendant John and Jane Doe pharmacists. <u>Polk County v Dodson</u>, <u>supra</u>., <u>Butler v Sheriff Palm Beach County</u>, 685 F.3d 1261 (CA 11 (Fla) 2012)(color of state law requires exercise of authority by virtue of government officer or position).

Further, the plaintiff is attempting to claim he murdered his family as a result of the incorrect drug prescriptions he received. Research at the Florida Department of Corrections website, which is a public record, indicates that plaintiff was convicted of first degree murder and sentenced to life in case no. 10-836 on February 27, 2012. If the plaintiff feels that the drugs he was prescribed should be a mitigating factor in his conviction and/or sentence his vehicle for relief would be a habeas corpus petition after exhaustion of state court remedies.  Although the plaintiff does not directly challenge his conviction, a complaint that attempts to challenge the cause of his conviction could affect his conviction and sentence. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973).  If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994).

### III.  <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 19th day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Neal Jacobson, Pro Se
     Martin Correctional Institution
     Address of Record